(47 South. 846.)

No. 17,132.

PUTNAM & KING, Limited, v. LIVE OAK MERCANTILE CO., Limited, et al.

(Nov. 30, 1908.)

1. ACCOUNT CLOSED—PROMISE TO PAY.

The account was closed; the defendant promised to pay the amount after it had been closed.

2. APPLICATION OF PROCEEDS — IMPUTATION OF PAYMENTS—ADVANCES.

The defendants agreed with plaintiffs that the proceeds of the crop to be produced would be applied to the payment of any and all amounts due.

3. PAYMENT (§ 38*)—APPLICATION OF PROCEEDS.

The proceeds of the crop were applied to the indebtedness of defendants, as authorized by the contract.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 99–103; Dec. Dig. § 38.*]

4. EXAMINATION OF ACCOUNT—ALLEGED ERROR.

Plaintiffs' account was examined into; the testimony does not prove the error charged.

5. GUARANTY (§ 70*)—DISCHARGE OF GUARANTOR—PLAINTIFFS NOT LIABLE FOR DELAY.

Defendants had not ordered plaintiffs, as commission merchants, to sell the cotton crop they had on hand for defendants. It was agreed that plaintiffs would hold it until July 1, 1906. It was thus held, and sold a few days thereafter. The testimony shows no fault of which defendants have good ground for complaint.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 79; Dec. Dig. § 70.*]

(Syllabus by the Court.)

Appeal from Thirteenth Judicial District Court, Parish of Rapides; Wilbur Fisk Blackman, Judge.

Suit by Putnam & King, Limited, against the Live Oak Mercantile Company, Limited, and Mary D. Cooper. Judgment for plaintiff, and Mary D. Cooper appeals. Affirmed.

Joseph Clifton Cappel and Andrews & Hackenyos, for appellant. Robert P. Hunter & Sons, for appellee.

BREAUX, C. J. Putnam & King—a corporation limited—brought this action against the Live Oak Mercantile Company, Limited,

and Mrs. Mary D. Cooper for $3,226.63, with interest and fee of attorney, represented by two notes; and for another amount of $889.60 with interest, being balance due, as alleged, on open account.

One of the notes is for $1,071.47, and matured on November 2, 1906; and the other, for $2,155.16, matured on the 1st day of December, 1906. Both bear 8 per cent. interest from maturity, and each contains a clause to secure the fee of attorney in case of suit.

Plaintiffs' contention is that their notes are due in solido by defendants.

The contention of plaintiffs further is that they were given in pursuance of a contract between them and defendants, made and executed on January 13, 1906, in which plaintiffs promised advances and supplies to defendants; and the further sum of $889.60 is claimed, together with 8 per cent. interest from March 11, 1907, for advances, also for supplies furnished by plaintiffs to defendants.

Plaintiffs claim another amount (small) to which we will have occasion to refer in deciding the case.

Plaintiffs' further contention is that Mrs. Mary D. Cooper guaranteed the payment of any difference between the proceeds of the sale of the crops of the Live Oak Mercantile Company, Limited, and the amount it might owe to them as evidenced by contract admitted and now in evidence; that this difference or balance is an amount for which she is liable.

There is really only one defendant—Mrs. Mary D. Cooper; the other defendant is insolvent, and is in the hands of a receiver, who is party to the suit.

Mrs. Cooper stated that she signed as surety and guarantor of the Live Oak Mercantile Company, Limited, but she alleges that she owes nothing on account of the transactions between the company and plaintiffs for the year 1905; that there was a note given by this company to plaintiffs for $2,000, which

was paid by the proceeds of the crop of that year. She avers that her obligation of April 7, 1906, on which plaintiffs have sued, is conditional upon plaintiffs selling the cotton of the company, shipped to them in 1905, on or before July 1, 1906; that plaintiffs disregarded and violated the condition by not selling it at that time, but sold it in August following on a falling market.

As to the notes and as to the contract of January 15, 1906, also declared upon for supplies and advances made that year, she pleads in effect payment.

### Statement of Facts.

The notes and contract entered upon for advances have every appearance of an in solido obligation on the part of defendants; this was evidently the intention.

The contract provided that plaintiffs were to hold 358 bales of cotton in their possession for the defendant company to sell at any time before July 1, 1906, and on that condition, the main defendant here, Mrs. Mary D. Cooper, bound herself to pay plaintiffs any difference that might remain due after its sale.

Now, defendants' complaint is that plaintiffs violated this condition by failing to sell this cotton until August, 1906.

Now, as relates to the payment pleaded: The facts are that the company consisted of Mrs. Cooper, who was the vice president of the company, and the late Mr. Helm, who was the president. They were engaged in planting cotton on a plantation owned by the defendant company. They were in need of advances to cultivate and prepare their crop of cotton for the market.

There had been an account between plaintiffs and the defendant for the year 1905. This account had never been entirely closed, and defendants remained indebted to plaintiffs at the end of that year.

In the year following, other agreements were arrived at for planting and making the crop of that year.

In addition to the obligation of that company, plaintiffs obtained the signature securing the obligation of Mrs. Cooper as their debtor.

The crop of 1906 did not realize sufficient in amount to satisfy the whole balance due to plaintiffs, and for that reason plaintiffs looked to Mrs. Cooper for payment.

The accounts of plaintiffs are sworn to by them as correct, and they are in evidence.

They also testify that they strictly followed the contract and have imputed all credits to the open account, and that there was nothing left after this had been done to apply to the payment of the two notes sued upon.

The defendant, Mrs. Cooper, complains of the attempt of the plaintiffs to hold advances growing out of the contract of 1905 by reason of the fact that there was given a note for $2,000, which has never been canceled or returned to her and does not form part of plaintiffs' suit.

And it is reiterated that plaintiffs defaulted and breached the contract to which we have before referred by not selling the cotton, thereby releasing her from any liability thereunder.

The statement of facts would not be as complete as it should be without including a summary of the contract of January 13, 1906.

For an advance of $3,000 to be made by plaintiffs to defendant company, to enable the latter to cultivate a crop of cotton; and the company gave the notes sued upon and authorized the firm of Putnam & King to apply the proceeds of the cotton and all other payments to the liquidation of an open account, or any other indebtedness due them, before any application is made to the note signed by the defendant company.

The plaintiffs then continued to make advances until April 7, 1906, when the docu-

ment first above phrased by us was signed by Mrs. Cooper.

### The Discussion and the Judgment.

In view of the fact that Mrs. Cooper was an interested party in the affairs of the defendant company, it was not extraordinary on her part to consent, as she did, that the proceeds of the crop should be applied to the satisfaction of any indebtedness of the company. She knew, or must be held to have known, when she signed the agreement of April 7, 1906, that the difference between the company's indebtedness and the amount for which the cotton in the hands of plaintiffs would be sold, which she held herself to pay, would be ascertained after the deduction by Putnam & King of all amounts due on balance of the company's indebtedness for advances. to cultivate the crop of 1905.

This clause italicized by us is broad and far-reaching enough to include all the back indebtedness of the defendant company. "Advances made," words of the contract, included all advances made, whether on the crop of 1905 or 1906.

Nothing shows that it was the intention of the parties that this clause of the contract was not to be applied to any open account or other indebtedness contracted subsequent to the contract and during the year 1906.

The preponderance of the evidence is to the contrary.

From that point of view, it was right to first apply the proceeds to the open account before applying the credit to the note.

From the point of view we interpret the documents, the plaintiffs had the right to add the indebtedness of the year preceding.

This balance was due by her not as a surety and guarantor, as she claims, but as a debtor in solido with the other defendant. She signed the contract and the notes as a principal. This is her own obligation—her promise to pay.

Some time after the debt had been incurred, and when she had become well aware that there was a balance due to plaintiffs on open account, one of the plaintiffs called on her and she assured him that the whole obligation to plaintiffs due by defendant company would be paid, and that she personally held the means for that payment.

Now, as to the note of $2,000, which Mrs. Cooper in effect seems to think has disappeared, and for which she claims she is entitled to credit:

There is a note of that amount carried on the account. It figures in arriving at balance due, and we take it that it does not have here the shadow of a defense on the score.

Mrs. Cooper in her testimony does not refer to this note in any particular.

We therefore pass to the next point in the case. It is that she cannot be held under the document of April 7, 1906, signed by her, for the reason that the obligation was conditioned on the sale of the cotton which plaintiffs held for the account of the Live Oak Mercantile Company, to be made on or before July 1, 1906.

The cotton was sold on July 13, 1906.

It does not appear that plaintiffs were ever requested by any one prior to that time to sell the cotton. The contract provided that plaintiffs were to hold it for instructions to sell, this instruction to be given not later than July 1, 1906.

Plaintiffs held it until the 13th of that month, and their defense on that point is that they sold on the 13th because they had not received any instructions to sell at an earlier date.

Even if it were otherwise, and plaintiffs had been neglectful of the interest of defendants in this respect, although defendants charge that they sold on a falling market, the evidence does not sustain the charge that any material loss was incurred by defendants on that account.

As relates to interest claimed by plaintiffs: The learned district judge deducted an amount of some $73 overcharged.

It has not been shown that the amount of interest deducted should be increased.

The account bears interest pro and con, as is frequently done between merchants and their clients. The rate was 8 per cent. We have searched for the compound interest in this account, and have not found any.

These accounts had been furnished by the merchants. They were closed between them, and not the least objection was ever made.

Considered as a closed account, it is not subject to the objection urged.

And, lastly, in the statement of facts, we referred to an amount of $889.60 due on open account, to which we said we would return.

We find it only necessary to state that this item appears as being as equally due by both defendants as the notes. It forms a part of the open account for which they are liable.

We have carefully gone through the record. If it contains error or overcharge, we have not found either, and we must, in consequence, affirm the judgment.

The law and the evidence being in favor of plaintiffs and against defendants the judgment is affirmed.